```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

GLORIA I. BURKE,                )
                                )
              Plaintiff,        )        4:06CV3194
                                )
         v.                     )
                                )
CITIGROUP, Inc., and CITICORP   )        MEMORANDUM AND ORDER
NATIONAL SERVICES, INC.,        )
                                )
              Defendants.       )
                                )
```

The plaintiff has filed a motion for leave to file a second amended complaint. Filing 53. The deadline for filing a motion to amend was June 2, 2007. The plaintiff's motion, filed on May 18, 2007, was timely. Filing 45, p. 4, ¶ 11. Her proposed Second Amended Complaint requests leave to dismiss Citigroup, Inc. as a defendant and replace plaintiff's contract claim with an accounting action. Filing 53, p. 1.

The defendant objects to the plaintiff's motion to amend. Based on the parties' submissions, it is clear the defendants were aware the plaintiff intended, or was at least contemplating, filing a second motion to amend before the June 2, 2007 deadline. However, on April 26, 2007, before the plaintiff's motion to amend was filed, the defendants moved for summary judgment. The deadline for filing summary judgment motions was June 11, 2007. Filing 45, p. 1, ¶ 1. The defendants' summary judgment motion asserts that plaintiff's contract claim is barred by the statute of limitations and that these defendants have paid all amounts owed to the plaintiff, the alleged successor in interest of Bonanza Mobile Homes, Inc. The defendants claim the plaintiff's motion to amend is an improper attempt to avoid entry of summary judgment, and will create an undue and prejudicial delay and

discovery burden on the defendants. They therefore argue that plaintiff's motion to amend must be denied.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted "[u]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Bediako v. Stein Mart, Inc., 354 F.3d 835, 840-41 (8th Cir. 2004)(quoting Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 907-908 (8th Cir. 1999)(quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)). "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown. Bediako, 354 F.3d at 841.

The underlying facts alleged in plaintiff's amended complaint (filing 34) and the proposed second amended complaint (filing 53, att. 1) are essentially the same. Both complaints allege that CNS has failed to pay amounts withheld in reserve by CNS as security on installment sales contracts entered into between Bonanza and mobile home purchasers between 1976 and 1978 and later assigned to CNS (and/or its predecessors). Both complaints allege that the plaintiff was informed in 2004 or 2005 that the defendant would perform an accounting and determine the amount of reserves withheld and owed to the plaintiff, and that the defendant admitted in 2006 that at least $800.00 was owed, but no amounts have been paid. The amended complaint alleges a breach of contract action, while the proposed second amended complaint alleges an accounting action, The second amended complaint adds allegations that after CNS and its predecessors were assigned the installment sales contracts, they were in full

2

control of the management and record keeping on those contracts and should be required to account for the money withheld from the plaintiff and deposited in reserve pending full payment on the assigned installment sales contracts.  The proposed amended complaint alleges there were approximately 280 such contracts.  Accordingly, the amended contract alleges CNS breached its contract with the plaintiff by failing to pay the reserves owed to the plaintiff on fully paid installment sales contracts; the proposed amended contract seeks an accounting and return of the reserve money held by CNS on these approximately 280 contracts.

CNS claims the plaintiff's proposed amendment will unduly burden the defendant by reopening the discovery process and requiring additional discovery responses.  The same information provides the basis for both the plaintiff's amended complaint and the proposed second amended complaint.  Whether pleaded as an accounting or breach of contract action, determining the substantive merit of the claim will require analyzing the underlying installment sales contracts, the payments (or deficiency in payments) made on these contracts, and the reserves withheld by the defendant as security.  The parties have engaged in discovery on these issues, though their briefs indicate such discovery has not been fully answered.  Under the court's progression order, the discovery deadline has not yet passed.  See filing 45, pp. 1-2, ¶ 2.

The plaintiff's case was filed in this forum on August 16, 2006.  The parties have more than four months to prepare for the October 4, 2007 pretrial conference.  The trial is scheduled for October 22, 2007.  Filing 45, pp. 3-4, ¶¶ 6, 8.

Unlike the relevant factors outlined in the case law cited by the defendant, though the defendant filed a motion for summary judgment before the plaintiff filed her motion to amend, the plaintiff's motion was not untimely, the discovery deadline has not passed, the case is not on the brink of trial, and a summary judgment or judgment of dismissal has not already been entered. The plaintiff's proposed amendment need not delay the start of this trial, nor will it expand the scope of the anticipated and foreseeable discovery relevant to plaintiff's allegations. Any claim that plaintiff's proposed amendment must be denied as futile because the defendant is entitled to a judgment as a matter of law on both the amended complaint and the proposed second amended complaint should be addressed by summary judgment, and not on by a Rule 15 motion for leave to amend. I conclude that under the totality of the circumstances presented, the plaintiff's motion for leave to amend should be granted. Ellison v. Ford Motor Co., 847 F.2d 297, 301 (6th Cir. 1988)(holding the district court abused its discretion by failing to consider and rule on the plaintiff's timely filed and pending motion to amend the complaint before granting the defendant's motion for summary judgment on the merits).

IT THEREFORE HEREBY IS ORDERED: The plaintiffs' motion for leave to file a second amended complaint, filing 53, is granted. The plaintiff shall file her second amended complaint, a copy of which is attached to her motion, on or before July 3, 2007.

DATED this 24th day of June, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge